EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Ceferino Flores Fernández | Querella 2000 TSPR 135 |
|---|---|

Número del Caso: CP-1999-0004

Fecha: 24/Agosto/2000

Oficina del Procurador General:

Lcda. Iris M. Barreto Saavedra
Procuradora General Auxiliar

Abogado de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ceferino Flores Fernández

CP-99-4

PER CURIAM

San Juan, Puerto Rico a 24 de agosto de 2000

El 9 de marzo de 1999, el Procurador General presentó una querella contra el Lcdo. Ceferino Flores Fernández mediante la cual le imputó los siguientes cargos:

> Cargo I.- El Lcdo. Ceferino Flores Fernández violó las disposiciones del Canon 12 de Ética Profesional[, 4 L.P.R.A. Ap. IX,] el cual, entre otras cosas, impone al abogado el deber de desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en la tramitación y solución en los casos en que asume la representación legal.

> Cargo II.- El Lcdo. Ceferino Flores Fernández violó las disposiciones del Canon 18 de Ética Profesional[, supra,] el cual, entre otras cosas, impone a todo abogado el deber de defender los intereses de su cliente diligentemente, desplegando en cada caso su más profundo saber y habilidad y actuando en aquella forma que la profesión jurídica general estima adecuada y responsable.

Cargo III.- El Lcdo. Ceferino Flores Fernández violó las disposiciones del Canon 19 de Ética Profesional[, supra,] el cual, entre otras cosas, impone el deber al abogado de mantener a su cliente siempre informado de todo asunto importante que surja en el desarrollo del caso que le ha sido encomendado.

Luego de los trámites procesales correspondientes, el 15 de mayo de 2000, el Comisionado Especial, Hon. Arnaldo López Rodríguez, rindió su Informe. En éste nos indica que no fue necesario celebrar la vista evidenciaria, ya que el querellado aceptó todos los cargos que se le imputaron. Según surge de dicho Informe, los hechos que dieron lugar a la presentación de los cargos fueron los siguientes.

El 20 de agosto de 1980, el licenciado Flores Fernández fue contratado por los herederos del finado Ramón Ramos del Valle para que realizara la división, partición y liquidación de los bienes dejados por éste.[1] Cuatro (4) años más tarde, el 15 de diciembre de 1984, sin que aún el querellado hubiese realizado las gestiones que le fueron encomendadas, falleció la viuda de Don Ramón Ramos del Valle, Doña Ceferina Cumba Nieves. Los sucesores de Doña Ceferina eran sus hijos: María Virginia Ramos Cumba, Juan Bautista, Gamalier y Eliza, todos de apellidos Martínez Cumba. En el 1989 fallecieron los hermanos Gamalier y Eliza Martínez Cumba. Aún el querellado no había concluido su encomienda.

Así las cosas, el 15 de abril de 1993, el Sr. Rubén Santiago Negrón, tutor del heredero Ramón Ramos Ortiz,[2] presentó ante el Procurador General una queja contra el licenciado Flores Fernández por no haber cumplido con su compromiso de realizar la división, partición y liquidación de los bienes hereditarios de la Sucesión de Don Ramón Ramos del Valle. Expresó que, las gestiones realizadas por dicho letrado hasta ese momento habían sido mínimas.

En su Informe, el Comisionado Especial nos señala que los siguientes hechos no están en controversia:

> El querellado se obligó con los herederos de la Sucesión de
> Don Ramón Ramos del Valle, a segregar y lotificar una finca
> de [cuarenta y seis] 46 cuerdas en la que enclavan cinco
> [5] inmuebles, como parte del trabajo de la liquidación y

---

[1] Los herederos de Don Ramón Ramos del Valle lo son su hija, María Virginia Ramos Cumba, procreada con su viuda, Doña Ceferina Cumba Nieves, y sus otros hijos Robustiano (también conocido como Régulo y Agustín), María y Ramón de apellidos Ramos Ortiz, procreados en un matrimonio anterior.

[2] Véase, esc. 1.

partición de herencia.  La formación de los lotes ya había sido acordada por los propios herederos en un documento privado, jurado y suscrito ante el propio querellado [Lcdo. Ceferino Flores Fernández], el 20 de agosto de 1980.  Los herederos ya tenían la posesión de sus respectivos lotes en dicha finca y eran sus deseos convertir esa posesión en nuda propiedad.  Otra finca del caudal hereditario de unas once [11] cuerdas, fue vendida por la suma de [treinta y tres mil dólares] $33,000, de cuya suma de dinero se separaron [trece mil quinientos dólares] $13,500, para el pago de las contribuciones adeudadas, los honorarios a pagar para la tasación de la finca de [cuarenta y seis] 46 cuerdas, los honorarios del ingeniero agrimensor que prepararía los planos de segregación y lotificación y [siete mil quinientos dólares] $7,500, que se le pagó al querellado por concepto de honorarios.  Los restantes [diecinueve mil dólares] $19,500 se distribuyó entre los herederos.  El otro activo del caudal es una finca de media [½] cuerda en la que enclava una casa y sobre la que existe, según el querellado, un problema.  Salvo el pago de contribuciones sobre la propiedad inmueble, no existen otras deudas.

El querellado admitió que las únicas gestiones realizadas por él, desde que fue contratado en el 1980, han sido la tramitación y obtención de la declaratoria de herederos del finado Don Ramón Ramos del Valle, la tramitación de la venta de la finca de [once] 11 cuerdas y la contratación del ingeniero Elí Candelaria López, para la mensura y preparación de los planos de segregación y lotificación de la finca, cuyo trabajo está inconcluso. (Enfasis suplido.)

Recapitulando.  Han pasado veinte (20) años y **todavía** el querellado, licenciado Flores Fernández, no ha realizado la gestión que le fue encomendada, a pesar de haber recibido siete mil quinientos dólares ($7,500) por ésta.

No cabe duda que el licenciado Flores Fernández ha violado los Cánones 12, 18 y 19 de Ética Profesional, 4 L.P.R.A. Ap. IX, y así éste lo ha aceptado.

Finalmente, debemos señalar que el 22 de mayo de 2000, el Colegio de Abogados de Puerto Rico compareció ante nos e indicó que el licenciado Flores Fernández no ha efectuado el pago de la fianza notarial, el cual venció en noviembre de 1999.

En atención a lo anterior, el 2 de junio, emitimos una resolución y le concedimos un plazo de veinte (20) días, contados a partir de la notificación de ésta, para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría.  Dicha resolución fue

notificada a la dirección que aparece en el Registro de Abogados(as)de este Tribunal. Ésta es: P.O. Box 1209, Caguas, Puerto Rico, 00725. No obstante, el 12 de junio, dicha resolución nos fue devuelta por el licenciado Flores Fernández haber cambiado de dirección y no haber notificado dicho cambio a la Secretaría de este Tribunal.[3]

La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, impone a todo(a) abogado(a) el deber de "notificar al(a la) Secretario(a) cualquier cambio de dirección postal o física"; y a todo(a) notario(a) la obligación de "notificar cualquier cambio en la localización de su oficina notarial." El incumplimiento con tal deber es suficiente para decretar la separación indefinida del ejercicio de la abogacía. Véanse, In re Miranda Casasnovas et al, P.C. de 12 de marzo de 1999, 147 D.P.R.___ (1999), 99 TSPR 37, 99 JTS 44, pág. 800; In re Vargas Negrón y otros, P.C. de 12 de junio de 1998, 145 D.P.R. ___ (1998), 98 TSPR 72, 98 JTS 113, pág. 64; In re: González Goenaga, P.C. de 12 de junio de 1998, 145 D.P.R.___(1998), 98 TSPR 71, 98 JTS 112, pág. 63.

Tomando en consideración todo lo antes expuesto, suspendemos al Lcdo. Ceferino Flores Fernández por el término de un (1) año del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal. Cabe señalar que cualquier solicitud de reinstalación está sujeta a su cumplimiento con la Regla 9(j) del Reglamento del Tribunal Supremo. La suspensión tendrá efectos inmediatos.

Se le ordena además, que a la brevedad posible, a su costo y utilizando los servicios de otro abogado notario, realice las gestiones para las cuales fue contratado. Dentro del término de sesenta (60) días deberá informarnos sobre el resultado de sus gestiones para cumplir con lo aquí ordenado.

---

[3] El 24 de noviembre de 1999, el licenciado Flores Fernández compareció mediante moción titulada "Solicitud de Prórroga y Cambio de Vista". En dicha moción indica que su dirección es la siguiente: Buenaventura Buzón 679, Carolina, Puerto Rico, 00987. Sin embargo, del Registro de Abogados y Abogadas de este Tribunal no surge que el

El licenciado Flores Fernández deberá también notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devolverá cualesquiera honorarios recibidos por trabajos no realizados, e informará oportunamente su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, el licenciado Flores Fernández deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, las gestiones que ha hecho para notificar a sus clientes y foros judiciales y administrativos lo antes expuesto. El cumplimiento con estos deberes, deberá ser notificado también al Procurador General.

El alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará la correspondiente sentencia.

---

licenciado Flores Fernández haya notificado algún cambio de dirección postal o física.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Ceferino Flores Fernández

CP-1999-4

SENTENCIA

San Juan, Puerto Rico a 24 de agosto de 2000

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integrante de la presente, se suspende al Lcdo. Ceferino Flores Fernández por el término de un (1) año del ejercicio de la profesión de abogado y hasta que otra cosa disponga este Tribunal. La suspensión tendrá efectos inmediatos.

Se le ordena además, que a la brevedad posible, a su costo y utilizando los servicios de otro abogado notario, realice las gestiones para las cuales fue contratado. Dentro del término de sesenta (60) días deberá informarnos sobre el resultado de sus gestiones para cumplir con lo aquí ordenado.

El licenciado Flores Fernández deberá también notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devolverá cualesquiera honorarios recibidos por trabajos no realizados, e informará oportunamente su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, el licenciado Flores Fernández deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, las gestiones que ha hecho para notificar lo antes expuesto a sus clientes y foros judiciales y administrativos. El cumplimiento con estos deberes, deberá ser notificado también al Procurador General.

El alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo.


Carmen E. Cruz Rivera
Subsecretaria del Tribunal Supremo