EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>   Miguel A. Laborde Freyre | Queja<br><br>2001 TSPR 74 |

Número del Caso: AB-1997-10

Fecha: 4/mayo/2001

Oficina del Procurador General:

 Lcda. Yvonne Casanova Pelosi
 Procuradora General Auxiliar

Abogado de la Parte Querellante:
 Lcdo. Luis A. Rivera Rivera

Abogado de la Parte Querellada:
 Por Derecho Propio

Materia: Conducta Profesional
 (La suspensión es efectiva a partir del 17 de mayo de 2001, fecha en que se le notificó al abogado el Per Curiam y Sentencia)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:                                        AB-1997-10

Miguel A. Laborde Freyre


PER CURIAM


San Juan, Puerto Rico, a 4 de mayo de 2001

El 30 de enero de 1997, la Oficina del Procurador General de Puerto Rico (en adelante Procurador) nos informó de sus múltiples gestiones para intentar comunicarse con el Lcdo. Miguel A. Laborde Freyre en torno a una queja presentada en su contra por el Sr. José R. Freyre y su esposa, la Sra. Dorys Patiño.

Ante lo expresado por el Procurador, el 21 de febrero de 1997 le ordenamos al licenciado Laborde Freyre que, en un plazo de quince (15) días, cumpliera con los requerimientos del Procurador.

Le apercibimos que su incumplimiento con nuestra orden podría acarrear una suspensión provisional del ejercicio de la profesión. Dicha resolución fue notificada personalmente.

Así las cosas, el 11 de abril de 1997 el Procurador nos informó que al fin el licenciado Laborde Freyre había respondido a sus requerimientos. Sin embargo, el Procurador señaló que el 21 de marzo de 1997 le concedió al abogado cinco (5) días para que rindiera información adicional pertinente al proceso y que, a pesar de haber transcurrido el plazo concedido, el abogado no había cumplido con lo solicitado. Mediante Resolución de 16 de mayo de 1997, le ordenamos nuevamente al licenciado Laborde Freyre que contestara las comunicaciones del Procurador. Nuevamente se le apercibió que el incumplimiento con nuestra orden acarrearía, "sin más la suspensión provisional del ejercicio de la abogacía." A solicitud del licenciado Laborde Freyre le concedimos hasta el 29 de julio de 1997 para cumplir con nuestra resolución de 16 de mayo de 1997.

Finalmente, el 6 de agosto de 1997, fuera del plazo concedido, el licenciado Laborde Freyre compareció y nos informó que el 26 de mayo de 1997 había contestado los requerimientos del Procurador.

Así las cosas, mediante moción de 8 de enero de 1998, el Procurador nos informó que el querellante, Sr. José R. Freyre había presentado ante el Tribunal de Primera Instancia una acción de daños y perjuicios contra el licenciado Laborde Freyre. En vista de la estrecha relación entre la acción de daños y el procedimiento disciplinario, el Procurador solicitó la paralización de los procedimientos hasta tanto el foro de instancia adjudicara la acción de daños y perjuicios.

Así pues, el 16 de enero de 1998 fueron paralizados los procedimientos disciplinarios hasta tanto el Tribunal de Primera Instancia adjudicara los méritos de los reclamos del querellante, Sr. José R. Freyre, en la acción de daños y perjuicios.

A partir del 6 de agosto de 1998 le ordenamos a todas las partes que nos mantuvieran informados sobre el status de la acción civil de daños y perjuicios ante el Tribunal de Primera Instancia. En un principio tanto el Procurador como la representación legal del licenciado Laborde Freyre comparecieron dando cumplimiento a lo ordenado.

No obstante, a partir de la renuncia de su representante legal, el licenciado Laborde Freyre comenzó nuevamente a incumplir con nuestras órdenes. Así pues, a partir de nuestra Resolución de 7 de mayo de 1999 en la cual otra vez le ordenamos a las partes expresarse en torno al caso civil, hubo que requerirle a éste en múltiples ocasiones que cumpliera con lo ordenado. En tres (3) ocasiones más se le apercibió que el incumplimiento con nuestras órdenes podía conllevar la suspensión al ejercicio de la abogacía.

Finalmente, el 7 de diciembre de 2000 este Tribunal ordenó que las partes informaran sobre el status de los procedimientos ante el foro de instancia. El 12 de marzo de 2001 se le concedió al licenciado un término adicional de cinco (5) días para que cumpliera con la resolución de 7 de diciembre. Se le apercibió nuevamente que el incumplimiento con esta

resolución podría conllevar sanciones disciplinarias severas. Al día de hoy el licenciado Laborde Freyre no ha dado cumplimiento a nuestra Resolución de 7 de diciembre de 2000.

De todo lo antes expuesto podemos colegir que, a pesar de nuestros apercibimientos y las prórrogas concedidas, el licenciado Laborde Freyre ha continuado y continúa con una conducta displicente de dejadez, indiferencia y falta de diligencia en cuanto a nuestras órdenes. Aparenta desconocer totalmente nuestra jurisprudencia a los efectos de que es su obligación obedecer y responder prontamente a los requerimientos de este Tribunal y los del Procurador General de Puerto Rico y que no toleraremos la incomprensible y obstinada negativa de un miembro de la profesión de cumplir con nuestras órdenes. In re Lassalle Pérez, res. el 16 de febrero de 2001, 2001 JTS 28; In re González Feliciano, res. el 13 de octubre de 2000, 2000 JTS 183; In re Bray Leal, res. el 28 de abril de 2000, 2000 JTS 143; In re Cuevas Velázquez, res. el 29 de junio de 2000, 2000 JTS 136; In re Guemarez Santiago, res. el 30 de junio de 1998, 98 JTS 102.

Procede en consecuencia, separar de forma inmediata e indefinida del ejercicio de la profesión de abogado y de la notaría al Lcdo. Miguel A. Laborde Freyre y hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta (30) días contados a partir de la notificación de esta Opinión Per Curiam el cumplimiento de estos deberes, notificando también al Procurador General.

El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Miguel A. Laborde Freyre

                      AB-1997-10

SENTENCIA

San Juan, Puerto Rico a 4 de mayo de 2001

     Por los fundamentos expuestos en la anterior Per Curiam, se dicta sentencia separando de forma inmediata e indefinida del ejercicio de la profesión de abogado y de la notaría al Lcdo. Miguel A. Laborde Freyre y hasta que otra cosa disponga este Tribunal.

     Se le impone el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, de devolverle cualesquiera honorarios recibidos por trabajos no realizados, e informarle oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, el cumplimiento de estos deberes, notificando también al Procurador General.

     El Alguacil de este Tribunal deberá incautarse del sello y la obra notarial del abogado suspendido, debiendo entregar la misma a la Directora de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.  Los Jueces Asociados señores Fuster Berlingeri y Rivera Pérez no intervinieron.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo