EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  | Queja |
|---|---|
| In re: | 2002 TSPR 46 |
| Andrés Pérez Brasa | 156 DPR _____ |

Número del Caso: AB-2001-97
                 AB-2001-243

Fecha: 10/diciembre/2001

Oficina del Procurador General:
                        Lcda. Yvonne Casanova Pelosi
                        Procuradora General Auxiliar

Materia: Conducta Profesional
        (La suspensión es efectiva a partir del 16 de abril de 2002, fecha
        en que se le notificó al abogado el Per Curiam y Sentencia)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

    Andrés Pérez Brasa

|  |  |
|---|---|
| AB-2001-97 | Conducta |
| AB-2001-243 | Profesional |

PER CURIAM

San Juan, Puerto Rico, a 10 de diciembre de 2001

El 14 de diciembre de 2000, el Sr. Milton Viera Serrano, presentó en la Oficina del Procurador General, una queja en contra de los licenciados Grimaldi Maldonado Maldonado y Andrés Pérez Brasa. En cuanto a éste último, el quejoso alegó que el Tribunal de Primera Instancia había dictado sentencia en rebeldía en su contra en un caso de divorcio, la cual fue notificada el 27 de abril de 2000. Por ello, el 3 de mayo de 2000, contrató los servicios profesionales del licenciado Pérez Brasa, para que éste solicitara la reconsideración de dicha sentencia. Lo hizo fuera de término, esto es el 19 de junio de 2000. (Caso AB-2001-97).

El 27 de diciembre de 2000, la Oficina del Procurador General le requirió al mencionado abogado su posición en torno a la queja presentada en su contra. Ante su falta de respuesta, el 16 de enero de 2001 le envió un segundo requerimiento. Mediante carta de 11 de enero de 2001, depositada en el correo el 18 de enero de 2000, el licenciado Pérez Brasa compareció con una versión incompleta de los hechos y solicitó un término adicional de quince (15) días para verificar el expediente del tribunal y así poder ofrecer información más completa. El 25 de enero, el Procurador General le concedió el término solicitado. Ante su incomparecencia, el 26 de marzo de 2001, le envió dos requerimientos adicionales, uno por correo certificado con acuse de recibo y otro por correo regular, apercibiéndole que de no presentar la información así requerida se le informaría a este Tribunal. La comunicación enviada por correo certificado fue devuelta, la enviada por correo regular no ha sido devuelta. Hasta el día de hoy, la Oficina del Procurador General no cuenta con la posición completa del querellado sobre esta queja, lo cual le impide efectuar una evaluación de los méritos de la misma y presentar el correspondiente informe a este Foro.

Mediante la resolución de 18 de mayo de 2001, le concedimos al licenciado Pérez Brasa un término de quince (15) días para que compareciera por escrito ante la Oficina del Procurador General y contestara la queja presentada en su contra. A su vez, le ordenamos que compareciera ante nos exponiendo por escrito las razones por las cuales no debía ser disciplinado por su falta de contestación a los requerimientos del Procurador General, le apercibimos, además, que su incumplimiento con lo ordenado podría conllevar sanciones disciplinarias en su contra, incluyendo su suspensión del ejercicio de la profesión de abogado sin ulterior trámite. Dispusimos que dicha resolución le fuera notificada personalmente. Según nuestro expediente, el diligenciamiento fue negativo.[1]

---

[1] Según el informe presentado por el Sr. Angel R. Rivera Rolón, Alguacil Auxiliar, a este Tribunal con fecha de 17 de agosto de 2001, visitó la oficia del licenciado Pérez Brasa el 25 de mayo de 2001 a las 10.00 a.m., la cual estaba en total abandono; el 22 de junio de 2001 a la 1.30 p.m., visitó la residencia de la hermana de dicho abogado, quien le informó que su hermano estaba en Miami, porque un hijo de éste había sufrido un accidente, y que

La queja en el caso AB-2001-243, se origina de la comparecencia ante este Tribunal del Colegio de Abogados de Puerto Rico, a través de su Comisión de Etica, el cual nos informa:

1) Que ante ese Colegio se presentaron bajo juramento las siguientes quejas en contra del querellado: a) Q-01-124, por Juan L. Rosado Bonilla, el 2 de mayo de 2001; b) Q-01-142, por José J. Rondón Cotto, el 1 de junio de 2001; c) Q-01-229, por Carmen M. Marcano Figueroa, el 5 de septiembre de 2001; d) Q-01-237, por Luis Rivera Plaza, el 19 de septiembre de 2001; e)Q-01-267, por Nydia E. Castro Negrón, el 18 de octubre de 2001. Además, María Vélez y Gerardo Batista presentaron quejas informales por escrito, el 16 de mayo de 2001 y el 3 de julio de 2001, respectivamente.

2) Que la correspondencia enviada al licenciado Pérez Brasa a la dirección registrada en el Colegio de Abogados, le ha sido devuelta.

3) Que el correo federal les informó una nueva dirección y que la correspondencia allí remitida también llega devuelta.

4) Que la Oficial Investigadora designada por el Colegio para investigar tales quejas y hacer la correspondiente recomendación a la Comisión Ética respecto a cada una de ellas no ha podido cumplir su encomienda por no contar con las contestaciones del querellado a las mismas.

5) Que somete a nuestra consideración los respectivos expedientes para que este Foro tome la acción que estime pertinente.

Además, el 1 de octubre de 2001, el Colegio de Abogados de Puerto Rico presentó ante nos una querella en contra del abogado de epígrafe, solicitando su suspensión indefinida del ejercicio de la abogacía por falta de pago de la cuota del año 2001. Mediante resolución del 8 de noviembre de 2001,

---

regresaría en tres semanas. El 30 de julio de 2001 a las 11:15 a.m., los alguaciles regresaron a la residencia de la hermana, encontrando la casa totalmente cerrada, un vecino les informó que toda la familia está residiendo en Miami.

concedimos al querellado veinte (20) días para mostrar causa por la cual no debíamos acceder a lo solicitado y le apercibimos de que su incomparecencia conllevaría a la suspensión indefinida del ejercicio de la abogacía sin más citarle ni oírle. Hasta el día de hoy, el querellado no ha comparecido.

En vista de las quejas y de la querella presentadas, pasamos a ejercer nuestra facultad disciplinaria.

II

Hemos expresado enfáticamente, que la naturaleza pública de la profesión de abogado impone a la clase togada la más estricta observancia a los requerimientos relacionados con las investigaciones sobre asuntos disciplinarios. *In re Lassalle Pérez*, PC de 16 de febrero de 2001, 2001 TSPR 15; *In re Ríos Acosta I*, 143 D.P.R. 128 (1997); *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984).

> La desatención de los abogados a comunicaciones relacionadas con investigaciones disciplinarias tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal. *In re Ríos Acosta I*, *supra*, pág. 135. Véase: *In re Albizu Merced*, 136 D.P.R. 126 (1994); *In re Izquierdo*, 126 D.P.R. 202 (1990).

Independientemente de los méritos de las quejas presentadas, es obligación de todos los abogados responder con prontitud a los requerimientos que se le efectúen relacionados con la investigación de quejas, ya provengan de este Tribunal, de la Oficina del Procurador General, o de la Comisión de Ética del Colegio de Abogados. *In re Ríos Acosta I*, *supra*; *In re Laborde Freyre*, PC de 4 de mayo de 2001, 2001 TSPR 74.

También es pertinente señalar que hacer caso omiso a nuestros requerimientos conlleva severas sanciones disciplinarias. *In re Figueroa Carrasquillo*, PC de 2 de enero de 2001, 2001 TSPR 11; *In re Vargas Soto*, PC de 30 de junio de 1998; *In re Pérez Benabe*, 133 D.P.R. 361 (1993); *In re Ribas Dominicci I*, 131 D.P.R. 491 (1992); *In re Nicot Santana*, 129 D.P.R. 717 (1992). Este Foro es intolerante ante conductas de esta naturaleza. *In re Pereira Esteves*, 116 D.P.R. 791 (1986); *In re Escalona Colón*, PC de 29 de diciembre de 1999, 99 TSPR 193.

Los constantes incumplimientos del licenciado Pérez Brasa con nuestros requerimientos, y los efectuados, tanto por la Oficina del Procurador General como por Comisión de Etica del Colegio de Abogados, constituyen un patrón de conducta contumaz, demostrativo de indiferencia, desidia y menosprecio a nuestra autoridad disciplinaria, lo que de por sí constituye causa para imponer sanciones en su contra. In re Rivera Maldonado, 143 D.P.R. 877 (1997); In re Pérez Rodríguez, 115 D.P.R. 547 (1984). Tal conducta obstaculiza nuestra jurisdicción disciplinaria, y es suficiente para decretar la separación indefinida del ejercicio de la abogacía. In re Figueroa Carrasquillo, supra; In re Flores Fernández, PC de 24 de agosto de 2000, 2000 TSPR 135; In re Cruz González, 123 D.P.R. 108 (1989); In re Serrallés III, supra.

En cuanto a la querella presentada por el Colegio de Abogado ante la falta de pago de la cuota del año en curso, hemos sido contundentes y consecuentes al señalar la gravedad de tal incumplimiento y sobre las sanciones que ello acarrea. In re Laborde Freyre, PC de 13 de febrero de 1998, 98 TSPR 14; In re Morales, Rubin, 139 D.P.R. 44 (1995); In re Duprey Maese, 120 D.P.R. 565 (1988); In re Serrallés III, 119 D.P.R. 494 (1987); Colegio de Abogados v. Schneider, 117 D.P.R. 504 (1988). El incumplimiento con la cuota del Colegio de Abogados conlleva la suspensión inmediata e indefinida del ejercicio de la abogacía. In re Alemany Enriquez, P.C. de 5 de mayo de 2000, 2000 TSPR 117; In re Quevedo Cordero, PC de 21 de enero de 1999, 99 TSPR 4; In re Serrallés III, supra; Colegio de Abogados v. Schneider, supra.

En virtud de la Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, todos los abogados tienen el deber ineludible de notificar al (la) Secretario(a) de este Foro, cualquier cambio de dirección física o postal; y todos los notarios deben notificar cualquier cambio en la localización de su oficina notarial.

Considerada la totalidad de la conducta desplegada por el abogado del epígrafe, según ha quedado descrita, se decretará la suspensión de éste del ejercicio de la abogacía por tiempo indefinido.

El Lcdo. Andrés Pérez Brasa deberá notificar a todos sus clientes su presente inhabilidad de seguir representándolos y devolver los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Asimismo, deberá informar oportunamente su suspensión a los foros judiciales y administrativos donde tenga algún caso pendiente. Por último, dentro del término de treinta (30) días, deberá certificar ante este Tribunal el cumplimiento de éstos deberes y notificar también al Procurador General.

El Alguacil de este Tribunal se incautará inmediatamente de su obra y sello notarial para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Por los fundamentos expuestos, se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Andrés Pérez Brasa

|                   |             |
|-------------------|-------------|
| AB–2001–97        | Conducta    |
| AB–2001–243       | Profesional |

SENTENCIA

San Juan, Puerto Rico, a 10 de diciembre de 2001

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión indefinida del Lcdo. Andrés Pérez Brasa del ejercicio de la profesión de abogado. Se le impone el deber de notificar a todos sus clientes de la presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informar oportunamente de su suspensión a los foros judiciales y administrativos, Deberá además, certificar al Tribunal dentro del término de treinta (30) días a partir de la notificación de la presente, el cumplimiento de estos deberes, notificando también al Procurador General de Puerto Rico.

El Alguacil de este Tribunal se incautará de inmediato de la obra y sello notarial del Lcdo. Andrés Pérez Brasa, luego de lo cual los entregará a la Directora de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo