per curiam:
El 17 de agosto de 2006 emitimos la siguiente resolución:
“El pasado 8 de mayo de 2006, la Secretaria del Tribunal Supremo cursó comunicación al Ledo. Gilberto González Barreto, relacionada a una queja presentada en su contra. Según se desprende del acuse de recibo la misma fue recibida. El 21 de junio de 2006, mediante segunda notificación se le concedió un término adicional de diez (10) días para contestarla. Al día de hoy no ha comparecido.
Se le concede al Ledo. Gilberto González Barreto un término de diez (10) días, a partir de la notificación de esta Resolución, para que comparezca ante este Tribunal y conteste la queja presentada en su contra. Se le apercibe, además, que su incumplimiento con esta Resolución podrá conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión.
Notifíquese personalmente de esta Resolución al Ledo. Gilberto González Barreto por la Oficina del Alguacil de este Tribunal. ...” (Enfasis suplido.)
La referida resolución le fue notificada personalmente al Ledo. Gilberto González Barreto por mi alguacil de este Tribunal el 28 de agosto de 2006. A pesar del tiempo transcurrido, el referido abogado no ha comparecido. Resolvemos.
*774 HH
En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se ex-tiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. In re Cuevas Vélez, 157 D.P.R. 159 (2002); In re Ríos Acosta I, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. In re Vázquez Santiago, 155 D.P.R. 926 (2001).
En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.(1) Ello es así por considerar que [e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía. In re Vargas Soto, 146 D.P.R. 55, 62 (1998).
Como señaláramos en In re Escalona Colón, 149 D.P.R. 900, 901 (1999), el “[djesatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal. Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que *775 no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes”. In re Guemárez Santiago I, 146 D.P.R. 27, 29 (1998). Véase, además, In re Nicot Santana, 129 D.P.R. 717, 718 (1992).
rH hH
La actitud de dejadez y desidia que ha demostrado el Ledo. Gilberto González Barreto ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.
Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Gilberto González Barreto del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará sentencia de conformidad.

Las Juezas Asociadas Señora Fiol Matta y Señora Rodríguez Rodríguez no intervinieron.

 In re Pérez Brasa, 155 D.P.R. 813 (2001). Véanse, además: In re Vázquez Santiago, 155 D.P.R. 926 (2001); In re Figueroa Carrasquillo, 153 D.P.R. 132 (2001); In re López López, 149 D.P.R. 82 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998); In re Ríos Acosta I, 139 D.P.R. 117 (1995); In re Pérez Benabe, 133 D.P.R. 361 (1993); In re Ribas Dominicci I, 131 D.P.R. 491 (1992); In re Nicot Santana, 129 D.P.R. 717 (1992).