EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:<br><br>Nancy Fiel Martínez | 2010 TSPR 231<br><br>180 DPR _____ |
|---|---|

Número del Caso: AB-2009-330


Fecha: 15 de diciembre de 2010


Abogado de la Parte Peticionaria:

       Por Derecho Propio


Oficina del Procurador General

       Lcda. Zaira Z. Girón Anadón
       Subprocuradora General

       Lcda. Leticia Casalduc Rabell
       Subprocuradora General


Materia: Conducta Profesional
(La suspensión será efectiva el 21 de diciembre de 2010 fecha en que se le notificó al abogado de su suspensión inmediata).


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nancy Fiel Martínez                    AB-2009-330        Queja

PER CURIAM

San Juan, Puerto Rico, a 15 de diciembre de 2010.

De nuevo nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario instado en su contra. Por los fundamentos que abordamos a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Nancy Fiel Martínez del ejercicio de la abogacía y de la notaría.

I.

La licenciada Nancy Fiel Martínez fue admitida al ejercicio de la abogacía el 13 de

octubre de 2006. En el mes de diciembre del mismo año prestó juramento como notaria.

El 30 de diciembre de 2009, compareció ante nos la Oficina de la Procuradora General y nos notificó que la licenciada Fiel Martínez había sido notificada en tres ocasiones –el 2 de junio de 2009, el 6 de julio de 2009 y el 18 de agosto de 2009– de una investigación por conducta profesional instada en dicha Oficina por la Sra. Rosa M. Serrano Caraballo, Queja Núm. AB-2009-330. Las notificaciones fueron hechas a las direcciones que aparecían en el Registro de Abogados que mantiene la Secretaría de este Tribunal, así como a la lista que publica el Colegio de Abogados. No obstante, no se obtuvo respuesta de la licenciada Fiel Martínez. Así las cosas, el 25 de septiembre de 2009, por medio de comunicación escrita, se le concedieron cinco días adicionales como último término para ofrecer su versión de los hechos. El 30 de septiembre del mismo año, la Oficina de la Procuradora General consiguió comunicarse por vía telefónica con la abogada. A pesar de que ésta se comprometió a contestar la queja, no lo hizo dentro del plazo acordado. En vista de ello, la Oficina de la Procuradora General nos solicitó que ordenáramos a Fiel Martínez a comparecer ante dicha Oficina.

Tras la solicitud de la Procuradora General, emitimos una Resolución el 22 de febrero de 2010 mediante la cual le ordenamos a la abogada a contestar la queja y le

apercibimos de las sanciones disciplinarias severas que su incumplimiento podría conllevar. La abogada compareció el 14 de abril de 2010 y nos informó que se había comunicado por teléfono con la Procuradora General Auxiliar y ésta le había informado de las quejas en su contra y que se las estaría enviando por correo electrónico. Alegó, además, que se hacía innecesario que emitiéramos la orden solicitada por la Procuradora General. No obstante, el 5 de mayo de 2010, la Oficina de la Procuradora General compareció nuevamente y nos hizo saber que la abogada nunca compareció en respuesta a nuestra Resolución del 22 de febrero de 2010, ni contestó la queja. Por esa razón, ordenamos a un alguacil de este Tribunal a diligenciar la notificación en persona de nuestra Resolución del 22 de febrero de 2010. Esto se logró el 8 de junio de 2010.

Así las cosas, la licenciada Fiel Martínez compareció el 17 de junio de 2010, y alegó que fue mediante la notificación de la Resolución del 22 de febrero de 2010, que advino en conocimiento de la queja presentada en su contra y nos solicitó diez (10) días adicionales para contestar la Queja Núm. 2009-330. El 28 de junio de 2010, mediante Resolución le concedimos cinco (5) días adicionales para cumplir con lo requerido en nuestra Resolución del 22 de febrero. La licenciada Fiel Martínez nunca compareció en cumplimiento de lo allí dispuesto. Nuestra Resolución del 28 de junio de 2010 fue notificada el 7 de julio de 2010 a la última dirección que consta en

el Registro de Abogados de nuestra Secretaría, pero fue devuelta por el Correo.

Por otro lado, el 3 de abril de 2009, la Sra. Iris Pérez Salgado compareció ante la Oficina de la Procuradora General de Puerto Rico para presentar la Queja Núm. AB 2010-0075, contra la abogada de epígrafe. La quejosa alegó que tenía varios casos pendientes para los cuales había contratado los servicios de la licenciada Fiel Martínez. Entre ellos están su caso de divorcio, un caso de pensión alimenticia y, otro sobre un carro que compró en un *dealer* y supuestamente la "estafaron". A pesar de hacer múltiples gestiones, según alegó, Fiel Martínez no se comunicaba con ella ni con su esposo. Añadió que, supuestamente, le ha tratado de dejar mensajes pero ella no se comunica y se le "esconde". La señora Pérez Salgado alegó también que había intentado que la licenciada Fiel Martínez le renunciara pero la secretaria de ésta le informó que ella no estaba y no le entregó su expediente.

Tras investigar estas alegaciones, la Oficina de la Procuradora General compareció ante nos e informó sus hallazgos y conclusiones. De ellos se desprende que la Oficina de la Procuradora General hizo al menos cinco (5) intentos de comunicarse con Fiel Martínez por correo certificado a dos direcciones. La licenciada Fiel Martínez recibió al menos cuatro (4) de ellos pero ninguno fue respondido. Según la Oficina de la Procuradora, en dos ocasiones intentó comunicarse a su teléfono celular,

dejándosele mensajes sin obtener respuesta. Posteriormente, la licenciada Fiel Martínez se comunicó con dicha Oficina para solicitar que se le enviara copia de las cartas que se le habían cursado. Ello se hizo a través de un correo electrónico. En respuesta al correo electrónico, la licenciada Fiel Martínez expuso su posición referente a las alegaciones de la quejosa Pérez Salgado.

Sobre el argumento de que la habían estafado al comprar un carro, la licenciada Fiel Martínez demostró que había representado a la quejosa con éxito ante el Tribunal de Primera Instancia y obtuvo una sentencia de $3,700.00, más $400.00 por concepto de honorarios de abogado. Incluyó en su respuesta copia de la referida sentencia y señaló que, ante ese desenlace, la señora Pérez Salgado estaba muy agradecida con Fiel Martínez y hasta la había invitado a almorzar junto a su secretaria. En cuanto a la alegación de la quejosa de que la licenciada Fiel Martínez la representa en varios casos pendientes, ésta respondió que la apreciación de la quejosa es incorrecta. Fiel Martínez argumentó que, aunque la señora Pérez Salgado le consultó algunos casos de forma gratuita, entre ellos un caso de divorcio, uno de pensión, y uno del padre de la quejosa, nunca existió un acuerdo ni una contratación de servicios profesionales para que la abogada le representara.

La Oficina de la Procuradora General concluyó en su Informe que no existía prueba que justificara algún procedimiento disciplinario contra la abogada de epígrafe.

Durante este proceso, la licenciada Fiel Martínez nos notificó una nueva dirección el 14 de octubre de 2010 para que le enviáramos las notificaciones correspondientes.

De otra parte, la licenciada Fiel Martínez también enfrenta otra queja presentada por el arrendador del local donde ésta tenía su estudio legal, el Sr. Félix Rivera Ríos, ante la falta de pago de la abogada, Queja Núm. 2009-0224. Esta queja, que fue contestada por la licenciada Fiel Martínez mediante carta dirigida a la Subsecretaria de este Tribunal, el 3 de noviembre de 2009, continúa bajo investigación de la Oficina de la Procuradora General.

## II.

## A.

Como es sabido, todo abogado tiene la obligación de responder oportunamente los requerimientos de este Tribunal. Ello cobra mayor importancia cuando se trata del deber de seguir nuestras órdenes en el contexto de un proceso disciplinario sobre su conducta profesional. *In re Cristina S. Borges Lebrón*, res. el 10 de septiembre de 2010, 2010 T.S.P.R. 211; *In re López de Victoria Bras*, res. el 27 de enero de 2010, 2010 T.S.P.R. 18. Hemos reiterado que cuando un abogado no cumple con el deber de responder nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, procede la suspensión inmediata del ejercicio de la profesión. *In re Reyes Rovira*, 139 D.P.R. 42 (1995). Independientemente de los méritos de cualquier queja presentada contra éstos, los abogados

vienen llamados a ser diligentes y responsivos con los requerimientos que hacemos. *In re García Vallés*, res. el 7 de noviembre de 2007, 2007 T.S.P.R. 196; *In re Otero Encarnación*, res. el 30 de agosto de 2010, 2010 T.S.P.R. 194. Constantemente nos vemos forzados a resolver que, por no cumplir oportunamente con las órdenes de este Foro y, así, mostrar indiferencia a nuestros señalamientos y apercibimientos, tenemos que suspender a un abogado de la profesión. *In re García Vallés*, *supra*; *In re Cristina Borges Lebrón*, *supra*.

Los abogados deben seguir la más rigurosa observancia de los requerimientos y cumplir con responder oportunamente a los señalamientos que les hacemos, como parte del carácter público de la profesión jurídica. *In re Ángel Morales Rodríguez*, res. el 19 de agosto de 2010 TSPR 188; *In re Pérez Brasa*, 155 D.P.R. 813 (2001). Asimismo, hemos expresado reiteradamente que incumplir con los requerimientos de esta Curia es, de suyo, una violación a los Cánones de Ética Profesional. Véase *In re Rosado Cruz*, res. el 2 de octubre de 2009, 2009 T.S.P.R. 174; Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX C.9, respecto a la exigencia de respeto hacia los tribunales. En fin, la actitud de indiferencia a la autoridad de este Tribunal, que tanto nos llena de frustración, no puede ser tomada livianamente.

B.

Este caso, además, nos obliga a recordarles nuevamente a los abogados y notarios del País de su deber de notificar cualquier cambio en su dirección postal o física inmediatamente. *In re* Serrallés III, 119 D.P.R. 494, 495 (1987). Asimismo, la Regla 9(j) de este Tribunal le impone a todo abogado la obligación de notificar oportunamente cualquier cambio de dirección a la Secretaría de este Foro. 4 L.P.R.A. Ap. XXI-AR. 9. Para facilitar ese proceso hemos creado el Registro Único de Abogados, cuyo propósito es mantener una sola base de datos para que sea más fácil mantener información actualizada de todos los abogados y notarios. Además, las nuevas Reglas 65.3 y 67.2 de Procedimiento Civil establecen que los tribunales notificarán cualquier orden, resolución y sentencia a la dirección que conste en dicho Registro. 32 L.P.R.A. Ap. V R. 65.3 y 67.2.

El 3 de junio de 2010, emitimos una Resolución mediante la cual ordenamos a todos los abogados a que revisaran y actualizaran sus direcciones en dicho Registro dentro de los próximos treinta (30) días. Allí, advertimos de las sanciones que podría conllevar no cumplir con la Regla 9(j) del Reglamento del Tribunal Supremo, *supra*. Ello, pues cuando un abogado ignora su deber de mantener al día su dirección obstaculiza el ejercicio de nuestra jurisdicción disciplinaria. El incumplimiento con este

deber puede conllevar la separación indefinida de la abogacía. *In re* Soto Colón, 155 D.P.R. 623, 642 (2001).

                              III.

En este caso nos encontramos una vez más con una abogada que ignora nuestros requerimientos. En síntesis, la licenciada Fiel Martínez no ha contestado nuestra Resolución del 4 de junio de 2010, donde le ofrecimos cinco (5) días adicionales para contestar los requerimientos de nuestra Resolución de 22 de febrero de 2010. Como le advertimos en esa Resolución, el incumplimiento con los términos y requerimientos expresados en ésta conllevaría la suspensión indefinida del ejercicio de la abogacía y del notariado, así como la posible imposición de otras sanciones disciplinarias. Además, la licenciada Fiel Martínez, a pesar de haber comparecido en varias ocasiones mediante mociones informativas que incluían su nueva dirección en sus escritos, no la actualizó en el Registro de nuestra Secretaría hasta el 14 de octubre de 2010. Independientemente de ello, la abogada sabía de la queja en su contra, al punto de que compareció solicitándonos una prórroga. Sin embargo, nunca contestó nuestros requerimientos.

En vista de lo anterior, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lic. Nancy Fiel Martínez.

La licenciada Fiel Martínez notificará a sus clientes que por motivo de la suspensión no puede continuar con su

representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Fiel Martínez.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Nancy Fiel Martínez                    AB-2009-330         Queja

SENTENCIA

San Juan, Puerto Rico, a 15 de diciembre de 2010.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lic. Nancy Fiel Martínez.

Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal, el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautar la obra y sello notarial de la Lic. Nancy Fiel Martínez y entregarlos a la Directora de la

Oficina de Inspección de Notarías para la correspondiente investigación e informe.


Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo