EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re | 2011 TSPR 18 |
|-------|--------------|
| | 180 DPR ____ |
| Janet Rivera Rosado | |

Número del Caso: AB-2009-116

Fecha: 25 de enero de 2011

Abogado de la Parte Peticionaria:

            Por derecho propio

Materia:

Conducta Profesional- La suspensión será efectiva el 7 de febrero de 2011 fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Janet Rivera Rosado                 AB-2009-0116        Queja

PER CURIAM

En San Juan, Puerto Rico, a 25 de enero de 2011.

Nuevamente nos vemos obligados a suspender a un miembro de la profesión por incumplir con los requerimientos de este Tribunal sobre un procedimiento disciplinario instado en su contra. Por los fundamentos que abordamos a continuación, ordenamos la suspensión inmediata e indefinida de la Lcda. Janet Rivera Rosado del ejercicio de la abogacía y de la notaría.

I.

La licenciada Janet Rivera Rosado fue admitida al ejercicio de la abogacía el 16 de julio de 1998. En el mes de noviembre del mismo año, prestó juramento como notaria.

El 7 de mayo de 2009, la Sra. Mercedes González presentó ante la Secretaría de este Tribunal una queja contra la licenciada Rivera Rosado por ésta alegadamente no haber sido diligente en la tramitación de un litigio para el cual había sido contratada. El referido pleito había sido archivado con perjuicio por el Tribunal de Primera Instancia, por no haberse diligenciado los emplazamientos dentro del término dispuesto en la Regla 4.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap. II R. 4.3. Siguiendo el procedimiento correspondiente, el 8 de junio de 2009, la Secretaria de este Tribunal notificó por correo certificado la queja a la licenciada Rivera Rosado y le concedió un término de diez (10) días para que compareciera con sus comentarios y reacciones por escrito, en torno a las alegaciones de la queja.

Expirado el término inicial de diez (10) días, la licenciada Rivera Rosado compareció el 15 de julio de 2009, mediante carta dirigida a la Subsecretaria de este Tribunal y expresó que no había contestado la queja debido a razones de salud. En testimonio de ello, incluyó varios documentos médicos que acreditaban el tratamiento recibido. Además, solicitó que se le concediera una prórroga adicional de no menos de treinta (30) días.

Transcurridas varias semanas y sin recibir comunicación alguna de la licenciada Rivera Rosado, el 10 de agosto de 2009, la Subsecretaria del Tribunal envió una segunda carta a Rivera Rosado en la cual le concedió un término adicional de

treinta (30) días para presentar la contestación a la queja de autos.

Vencido ese término de treinta (30) días solicitado por la licenciada Rivera Rosado y transcurridos varios meses sin recibir la mencionada contestación, el 27 de mayo de 2010, emitimos una Resolución que le fue notificada personalmente el 9 de junio de 2010, mediante Alguacil de este Tribunal. En dicha Resolución le concedimos un término final de cinco (5) días para contestar la queja. Allí, además, se le apercibió claramente de que su incumplimiento con esa Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión del ejercicio de la abogacía y la notaría.

El 16 de junio de 2010, la licenciada Rivera Rosado compareció mediante Moción Informativa Urgente en Solicitud de Prórroga Final por Razones de Salud. En dicha Moción alegó que había estado confrontando problemas serios de salud, por los que había estado recibiendo distintos tratamientos médicos, incluyendo tratamiento en descanso. Por esta razón, según adujo, estuvo "alejada de [su] práctica normal por periodos de tiempo". Moción Informativa Urgente en Solicitud de Prórroga Final por Razones de Salud, 16 de junio de 2010, pág. 1. También indicó que ha "estado ausente de la oficina por periodos intermitentes". *Íd.* Finalmente, solicitó que le concediéramos un término adicional de treinta (30) días para buscar la información necesaria para contestar la queja. Posteriormente, la licenciada Rivera Rosado volvió a comparecer ante nos mediante moción el 10 de agosto de 2010.

Alegó que había estado en comunicación con la quejosa y que se encontraba tratando de resolver el caso para el cual fue contratada por ésta y que dio lugar a la queja de autos. Mencionó varias gestiones que realizó en comunicación con la quejosa y nos informó de un viaje que realizaría para recibir tratamiento médico. Sin embargo, no contestó la queja.

En respuesta a su moción del 10 de agosto de 2010, mediante Resolución del 9 de septiembre del mismo año, le concedimos un término final e improrrogable de veinte (20) días para que diera cumplimiento a nuestra Resolución del 27 de mayo de 2010.

Al día de hoy, la licenciada Rivera Rosado ha comparecido en tres (3) ocasiones distintas, dos de ellas mediante moción y una mediante carta. En ninguna de esas tres (3) ocasiones ha contestado la queja de la Sra. Mercedes González. Igualmente le hemos concedido infructuosamente cuatro (4) términos distintos para que conteste la queja.

## II.

Los abogados deben seguir la más rigurosa observancia de nuestros requerimientos y responder oportunamente a los señalamientos que les hacemos, como parte del carácter público de la profesión jurídica. *In re* Santiago Martínez Miranda, res. el 22 de enero de 2008, 2008 T.S.P.R. 176. *In re* ángel Morales Rodríguez, res. el 19 de agosto de 2010 TSPR 188; *In re* Pérez Brasa, 155 D.P.R. 813 (2001). Como se sabe, responder oportunamente a nuestros requerimientos es de vital importancia cuando se trata de un proceso disciplinario sobre su conducta profesional. *In re* Nancy Fiel Martínez, res. el

15 de diciembre de 2010, 2010 T.S.P.R. 231; *In re López de Victoria Bras*, res. el 27 de enero de 2010, 2010 T.S.P.R. 18.

Cuando un abogado incumple nuestros requerimientos e ignora los apercibimientos de sanciones disciplinarias, incluyendo el apercibimiento de que su falta de diligencia puede causar que se le separe de la profesión, procede su suspensión inmediata. *In re Nancy Fiel Martínez*, res. 15 de diciembre de 2010, 2010 T.S.P.R. 231; *In re Reyes Rovira*, 139 D.P.R. 42 (1995). Aunque una queja sea inmeritoria, los abogados vienen llamados a ser diligentes y responsivos con los requerimientos que hacemos. *In re García Vallés*, res. el 7 de noviembre de 2007, 2007 T.S.P.R. 196; *In re Otero Encarnación*, res. el 30 de agosto de 2010, 2010 T.S.P.R. 194.

Reiteradamente, hemos expresado que incumplir con los requerimientos de esta Curia representa, por sí, una violación a los Cánones de Ética Profesional. *In re Vargas Soto*, 146 D.P.R. 55 (1988). Véase Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX C.9 (deber de respeto hacia los tribunales). Constantemente nos vemos forzados a suspender a abogados de la profesión por no cumplir oportunamente con las órdenes de este Foro. *In re Nancy Fiel Martínez*, res. 15 de diciembre de 2010, 2010 T.S.P.R. 231, *In re García Vallés*, *supra*; *In re Cristina Borges Lebrón*, res. el 10 de septiembre de 2010, 2010 T.S.P.R. 211. La indiferencia a nuestra autoridad disciplinaria no será tomada livianamente.

III.

En este caso nos encontramos una vez más con una abogada que ignora nuestros requerimientos. En síntesis, la licenciada Rivera Rosado no ha contestado nuestra Resolución del 27 de mayo de 2010, a pesar de que le concedimos un término adicional el 9 de septiembre de 2010. Aunque la abogada compareció en varias ocasiones a informarnos sobre su situación médica, nunca aprovechó esas comparecencias para contestar la queja presentada en su contra. Como hemos expresado, se le brindaron cuatro (4) términos distintos para que contestara la misma. Sin embargo, nunca contestó nuestros requerimientos. Además, se le apercibió en la Resolución del 27 de mayo de 2010, la cual se le diligenció personalmente, que su incumplimiento con los requerimientos del Tribunal conllevaría sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la abogacía.

Por incumplir reiteradamente con los requerimientos de este Tribunal, suspendemos inmediata e indefinidamente a la Lcda. Janet Rivera Rosado del ejercicio de la abogacía y la notaría.

La licenciada Rivera Rosado notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este

Tribunal que se incaute la obra notarial de la licenciada Rivera Rosado.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Janet Rivera Rosado                    AB-2009-0116        Queja



SENTENCIA


En San Juan, Puerto Rico, a 25 de enero de 2011.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se suspende inmediata e indefinidamente a la Lcda. Janet Rivera Rosado del ejercicio de la abogacía y la notaría.

La licenciada Rivera Rosado notificará a sus clientes que, por motivo de la suspensión, no puede continuar con su representación legal, y devolverá a éstos los expedientes de cualquier caso pendiente y los honorarios recibidos por trabajos no realizados. De igual manera, deberá informar de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Además, se ordena al Alguacil General de este Tribunal que se incaute la obra notarial de la licenciada Rivera Rosado.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo