EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|--------|--------------------|
| Ramón E. Surillo Ascar | 2004 TSPR 214 |
| | 163 DPR \_\_\_\_ |

Número del Caso: TS-6125


Fecha: 10 de diciembre de 2004


Oficina de Inspección de Notarías:

Lcda. Carmen H. Carlos
Directora


Materia: Conducta Profesional
(La suspensión será efectiva el 22 de diciembre de 2004
fecha en que se le notificó al abogado de su suspensión
inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo
que está sujeto a los cambios y correcciones del proceso de
compilación y publicación oficial de las decisiones del Tribunal. Su
distribución electrónica se hace como un servicio público a la
comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Ramón E. Surillo Ascar

TS-6125

PER CURIAM

San Juan, Puerto Rico, a 10 de diciembre de 2004

Mediante Opinión Per Curiam, de 26 de noviembre de 2003, suspendimos indefinidamente del ejercicio de la Notaría en nuestra jurisdicción al Lcdo. Ramón E. Surillo Ascar.[1] Instruimos a la Oficina del Alguacil de este Tribunal para que se incautara de la obra, y sello, notarial del Lcdo. Surillo Ascar, debiendo entregar la misma a la Oficina de Inspección de Notarías "para la correspondiente investigación e informe" a este Tribunal.

---

[1] Conforme surge del Informe que nos rindiera el Procurador General de Puerto Rico el 4 de junio de 2003, el Lcdo. Surillo Ascar notarizó varios documentos en los cuales dio fe de que los otorgantes de los mismos habían suscrito y firmado los documentos en su presencia, lo cual no era cierto. Esta conducta fue admitida por el referido abogado.

Examinada la obra notarial por la Oficina de Inspección de Notarías, el 29 de marzo de 2004, la Lcda. Carmen H. Carlos, Directora de la referida Oficina nos rindió un informe al respecto en el cual nos señaló la comisión de serias deficiencias de parte del Lcdo. Surillo Ascar. Mediante Resolución, de fecha 21 de mayo de 2004, le concedimos el término de sesenta (60) días al referido abogado "para que proceda a corregir, a sus expensas, las deficiencias notariales señaladas" en el informe de la Oficina de Inspección de Notarías. El Lcdo. Surillo Ascar fue <u>debidamente notificado</u> con copia de la mencionada Resolución.

La Directora de la Oficina de Inspección de Notarías, mediante informe suplementario a esos efectos, nos informó que el Lcdo. Surillo Ascar ha hecho <u>caso omiso</u> de la Resolución emitida por este Tribunal al extremo que éste ni siquiera "se ha comunicado ni se ha personado" a la Oficina de Inspección de Notarías con el propósito de corregir las deficiencias señaladas.

Resolvemos, sin ulterior trámite, al amparo de la Regla 50 de nuestro Reglamento.

I

En reiteradas ocasiones este Tribunal ha expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas,

sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002, 2002 T.S.P.R. 108; *In re* Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 T.S.P.R. 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[2] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." *In re* Vargas Soto, 146 D.P.R. 55, 62 (1998).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, res. el 14 de junio de 2002, 2002

---

[2] *In re* Pérez Brasa, res. el 10 de diciembre de 2002, 2002 T.S.P.R. 46; *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2001 T.S.P.R. 19; *In re* Figueroa Carrasquillo, res. el 2 de enero de 2001, 2001 TSPR 11; *In re* López López, 149 D.P.R. 82 (1999); *In re* Vargas Soto, 146 D.P.R. 55 (1998); *In re* Ríos Acosta I, 139 D.P.R. 117 (1995); *In re* Pérez Benabe, 133 D.P.R. 361 (1993); *In re* Ribas Dominicci I, 131 D.P.R. 491 (1992); *In re* Nicot Santana, 129 D.P.R. 717 (1992).

T.S.P.R. 103, el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Foro que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." *In re Guemárez Santiago I*, 146 D.P.R. 27, 28 (1998); véase, además: *In re* Nicot Santana, 129 D.P.R. 717, 718 (1992).

II

La actitud de dejadez y desidia que ha demostrado el abogado Ramón E. Surillo Ascar ante la orden emitida por este Tribunal constituye prueba incontrovertible de que éste no interesa continuar siendo miembro de la profesión. Como señaláramos anteriormente, al día de hoy, luego de más de seis (6) meses de haber recibido la Resolución emitida por este Tribunal, este abogado no ha cumplido con la misma. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Ramón E. Surillo Ascar del ejercicio de la abogacía en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Ramón E. Surillo Ascar

TS-6125

SENTENCIA

San Juan, Puerto Rico, a 10 de diciembre de 2004

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Ramón E. Surillo Ascar del ejercicio de la abogacía en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de la presente Sentencia, el cumplimiento de estos deberes.

Así lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. Los Jueces Asociados señor Rivera Pérez y señora Rodríguez Rodríguez no intervinieron.

María I. Colón Falcón
Subsecretaria del Tribunal Supremo