EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Lcdo. René Negrón Negrón | 2005 TSPR 5 |
| | 163 DPR _____ |

Número del Caso: AB-2004-120

Fecha: 27 de diciembre de 2004

Colegio de Abogados de Puerto Rico:

Lcdo. Ángel N. Candelario Cáliz
Oficial Investigador

Lcda. Milagros Martínez Mercado
Oficial Investigadora

Materia: Conducta Profesional
(La suspensión será efectiva el 12 de enero de 2005 fecha
en que se le notificó al abogado de su suspensión
inmediata.)

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correcciones del proceso
de compilación y publicación oficial de las decisiones del
Tribunal. Su distribución electrónica se hace como un servicio
público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. René Negrón Negrón

AB-2004-120

PER CURIAM

San Juan, Puerto Rico, a 27 de diciembre de 2004

El 3 de noviembre de 2003, la señora Angelina Guzmán De Jesús presentó ante el Colegio de Abogados una queja bajo juramento de conducta profesional contra el Lcdo. René Negrón Negrón. La Comisión de Etica del Colegio de Abogados le notificó al licenciado Negrón Negrón de la queja presentada por correo certificado con acuse de recibo, concediéndole un término para contestar. Dicha carta le fue devuelta a la Comisión por el servicio postal por no haber sido reclamada ("unclaimed") por el licenciado Negrón Negrón.

La Comisión le envió a Negrón Negrón cinco (5) cartas adicionales certificadas con acuse de recibo,

informándole de la querella y requiriendo se expresara sobre la misma. Todas las cartas fueron devueltas por el correo por no haber sido reclamadas

Así las cosas, el 14 de mayo de 2004, el Colegio nos informó que no había podido tramitar la querella de la señora Guzmán De Jesús ante la devolución por el servicio de correos de las cartas enviadas a Negrón Negrón en las que se informaba de la queja presentada y se solicitaba su posición. Nos indicó además que no constaba en sus récords cambio de dirección alguno del licenciado Negrón Negrón.

El 4 de junio de 2004, emitimos una Resolución concediéndole a Negrón Negrón un término de diez (10) días para que compareciera al Colegio a exponer su posición sobre la queja presentada. También le ordenamos que, en el mismo plazo, compareciera ante nosotros para exponer las razones por las cuales no debía ser disciplinado por su incomparecencia ante el Colegio de Abogados. Le apercibimos que el incumplimiento de nuestra Resolución podría conllevar severas sanciones incluyendo la suspensión del ejercicio de la profesión. La Resolución le fue notificada personalmente al licenciado Negrón Negrón el 16 de junio de 2004, por la Oficina del Alguacil General de este Tribunal.

El término concedido al licenciado Negrón Negrón ha transcurrido. Este no ha comparecido, ni ha solicitado prórroga para comparecer, ni al Colegio de Abogados ni a este Tribunal.

Este Tribunal tiene poder inherente para reglamentar la profesión de abogacía en Puerto Rico. *In re Freytes Mint*, 117 D.P.R. 11 (1986); *In re Díaz Alonso Jr.*, 115 D.P.R. 755 (1984). En el pasado hemos resuelto que "la 'naturaleza pública de que está revestida la profesión de abogado reclama de ésta estricta observancia de los requerimientos de los tribunales'." *In re Pagán Ayala*, 115 DPR. 814, 815 (1984).

Reiteradamente nos hemos expresado sobre la obligación de los abogados de atender diligentemente los requerimientos de este Tribunal cuando se trata de una queja profesional presentada en su contra independientemente de los méritos de la queja presentada. *In re Zayaz Cabán*, res. 21 de septiembre de 2004, 162 D.P.R. ___, 2004 JTS 163; *In re Arroyo Rivera*, res. 1ero. de abril de 2004, 161 D.P.R. ___, 2004 JTS 13; *In re Ron Meléndez*, 149 D.P.R. 105 (1999); *In re Guemárez Santiago I*, 146 D.P.R 27(1998).

Hemos rechazado categóricamente la desidia y la indiferencia del abogado que incumple con las órdenes del este Tribunal, al igual que en su incumplimiento con los requerimientos del Colegio de Abogados y el Procurador General, en la esfera disciplinaria. *In re López López*, 149 D.P.R. 82 (1999); *In re Ríos Acosta I*, 143 D.P.R. 128 (1997). La indiferencia de los abogados a responder a las órdenes de este Tribunal apareja la imposición de severas sanciones disciplinarias. *In re Román Rodríguez*, 147

D.P.R. 479 (1999); *In re Rivera Rodríguez*, 147 D.P.R. 144 (1999); *In re Sepúlveda Negroni*, 142 D.P.R. 572 (1996).

Ya en el pasado habíamos suspendido a Negrón Negrón del ejercicio de la profesión por una conducta idéntica a la que aquí se relata. Véase *In re Negrón Negrón*, 148 D.P.R. 12 (1998). Es insostenible e incomprensible que nuevamente incurra en la misma conducta, lo que evidencia aun más su grave menosprecio por nuestra función reguladora de la profesión legal.

La actitud contumaz de Negrón Negrón al desatender nuestro reciente requerimiento lo hace indigno de ejercer la profesión de abogacía y exige el ejercicio de nuestra facultad disciplinaria.

Por las razones antes expuestas y por el incumplimiento con nuestra orden del 4 de junio de 2004, se dictará sentencia suspendiendo de inmediato e indefinidamente, al licenciado Negrón Negrón del ejercicio de la abogacía.

Se ordena al Alguacil General de este Tribunal que proceda a incautarse de la obra notarial del licenciado Negrón Negrón y que esta Opinión Per Curiam y Sentencia le sea notificada personalmente a éste por la Oficina del Alguacil General de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. René Negrón Negrón                    AB-2004-120


SENTENCIA

San Juan, Puerto Rico, 27 de diciembre de 2004

Por los fundamentos expuestos en la Opinión de Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de René Negrón Negrón del ejercicio de la abogacía en nuestra jurisdicción.

Le imponemos a éste el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra notarial del licenciado Negrón Negrón, incluyendo sello notarial, debiendo entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señor Rebollo López y señor Rivera Pérez no intervinieron.

Aida I. Oquendo Graulau
Secretaria del Tribunal Supremo