EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Juan Carlos Ríos Pérez | 2006 TSPR 125<br><br>168 DPR \_\_\_\_ |

Número del Caso: AB-2005-12


Fecha: 24 de marzo de 2006


 Abogado del Querellado:

                    Por Derecho Propio


Oficina del Procurador General de Puerto Rico:

                    Lcda. Noemí Rivera De León
                    Procuradora General Auxiliar




Materia: Conducta Profesional
        (La suspensión del abogado será efectiva el 18 de abril
        de 2006, fecha en que se le notificó al abogado de su
        suspensión inmediata).



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Carlos Ríos Pérez          AB-2005-12

PER CURIAM

San Juan, Puerto Rico, a 24 de marzo de 2006.

Juan Carlos Ríos Pérez fue admitido al ejercicio de la profesión el 15 de enero de 1987.

El 14 de diciembre de 2004 el Juez Superior Carlos De J. Rivera Marrero refirió a nuestra atención siete documentos para que con base a ellos determinásemos si el licenciado Ríos Pérez había incurrido en violaciones a los Cánones de Ética Profesional 1, 9, 12, 18 y 38.

El 18 de marzo de 2005 remitimos este asunto al Procurador General de Puerto Rico para la correspondiente evaluación e informe.

Desde el 23 de marzo de 2005 hasta el 22 de junio de ese año el Procurador General realizó varias

gestiones para comunicarse con Ríos Pérez, recabándole que enviara sus comentarios en torno a los documentos remitidos por el Juez Rivera Marrero. Todas las gestiones aludidas fueron infructuosas. Ríos Pérez no contestó ninguna de las tres cartas sobre este asunto que le envió el Procurador General por correo certificado con acuse de recibo.

Así las cosas, el 30 de junio de 2005, el Procurador General compareció ante nos y mediante un Informe nos expuso el incumplimiento de Ríos Pérez relatado en el párrafo anterior. En atención a la referida comparecencia del Procurador General, el 28 de julio de 2005 emitimos una Resolución, que se le notificó personalmente, mediante la cual le concedimos un término a Ríos Pérez para expresarse sobre el referido Informe del Procurador General. Se le apercibió que su incumplimiento con lo dispuesto en dicha Resolución conllevaría severas sanciones disciplinarias.

Pérez Ríos entonces compareció ante nos y solicitó una prórroga de treinta días para contestar la Resolución referida. El 6 de octubre de 2005 le concedimos la prórroga solicitada.

Han pasado más de cuatro meses desde que venció la prórroga que se le concedió a Pérez Ríos para responder a nuestra Resolución del 28 de julio de 2005, sin que éste haya comparecido ante nos para cumplir con lo que se le había requerido.

II

Reiteradamente hemos resuelto que los abogados tienen la obligación de responder diligentemente a los requerimientos de este Tribunal en relación a una queja presentada en su contra. Hemos indicado que el incumplimiento con esta obligación acarrea la imposición de las más severas sanciones. *In re*: García Enchautegui, res. el 3 de mayo de 2005, 164 D.P.R. ___, 2005 TSPR 62, 2005 JTS 67; *In re:* Lind Casado I, res. el 8 de abril de 2005, 164 D.P.R. ___, 2005 TSPR 57, 2005 JTS 61; *In re*: Quiñones Cardona, res. el 18 de marzo de 2005, 164 D.P.R. ___, 2005 TSPR 53, 2005 JTS 59; *In re:* Negrón Negrón, res. el 27 de diciembre de 2004, 163 D.P.R. ___, 2005 TSPR 5, 2005 JTS 10; *In re*: Surillo Ascar, res. el 10 de diciembre de 2004, 163 D.P.R. ___, 2004 TSPR 214, 2005 JTS 6.

Igualmente hemos reiterado que los abogados deben atender diligentemente los requerimientos del Procurador General en relación a la investigación de quejas presentadas contra ellos, y que no hacerlo constituye de por sí sólo una violación a la ética profesional que acarrea graves sanciones. *In re*: Ortiz Álvarez, res. el 8 de noviembre de 2004, 163 D.P.R. ___, 2004 TSPR 189, 2004 JTS 190; *In re*: Vilanova Alfonso, res. el 7 de abril de 2003, 159 D.P.R. ___, 2003 TSPR 86, 2003 JTS 87.

En el caso de autos, Ríos Pérez desatendió los requerimientos del Procurador General en tres ocasiones. Luego incumplió también su obligación de responder diligentemente con una orden nuestra, a pesar de que le

concedimos incluso una prórroga para hacerlo. Es evidente de todo lo anterior que Ríos Pérez no tiene interés en continuar siendo miembro de la abogacía en Puerto Rico.

Por ende, se decreta la separación inmediata e indefinida de Juan Carlos Ríos Pérez del ejercicio profesional.

Se le impone a Juan Carlos Ríos Pérez el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Juan Carlos Ríos Pérez                    AB-2005-12

SENTENCIA

San Juan, Puerto Rico, a 24 de marzo de 2006.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente Sentencia, se decreta la separación inmediata e indefinida de Juan Carlos Ríos Pérez del ejercicio profesional.

Se le impone a Juan Carlos Ríos Pérez el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, devolver-les cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido y entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo