EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2007 TSPR 202 |
|--------|---------------|
| Luis Rodríguez Bigas | 172 DPR _____ |

Número del Caso: AB-2007-33


Fecha: 25 de octubre de 2007


 Colegio de Abogados de Puerto Rico:

                          Lcda. María de Lourdes Rodríguez
                          Oficial Investigadora


Materia: Conducta Profesional
         (La suspensión será efectiva el 14 de noviembre de
          2007 fecha en que se le notificó al abogado de su
          suspensión inmediata.)


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis Rodríguez Bigas                AB-2007-33      Queja

PER CURIAM

San Juan, Puerto Rico, a 25 de octubre de 2007.

El 29 de diciembre de 1976 Luis Rodríguez Bigas fue admitido al ejercicio de la abogacía, y al ejercicio de la notaría el 17 de enero de 1977.

El 18 de mayo de 2006 se presentó ante el Colegio de Abogados de Puerto Rico una queja juramentada contra el licenciado Rodríguez Bigas. Conforme el procedimiento establecido, la Comisión de Ética del Colegio de Abogados envió copia de la misma al licenciado Rodríguez Bigas requiriendo su posición al respecto. En cuatro ocasiones distintas se le requirió al licenciado Rodríguez Bigas su contestación a la queja interpuesta.

Todas las gestiones realizadas resultaron infructuosas, ya que éste no contestó ninguno de los

requerimientos. En vista de ello, el Colegio de Abogados compareció ante nos el 26 de enero de 2007 para solicitar nuestra intervención.

Mediante Resolución de 29 de marzo de 2007, notificada personalmente por un alguacil del Tribunal, le ordenamos al licenciado Rodríguez Bigas que contestara los requerimientos del Colegio de Abogados y compareciera ante este Tribunal para exponer las razones por las cuales no debía ser disciplinado por no responder a dichos requerimientos. Además le apercibimos que incumplir con lo ordenado podría conllevar sanciones disciplinarias severas, incluyendo su suspensión del ejercicio de la profesión.

El 7 de junio de 2007 el Colegio de Abogados compareció ante nos para informarnos que el licenciado Rodríguez Bigas no había contestado a sus requerimientos, a pesar de haberle ordenado este Tribunal que lo hiciera. Al día de hoy, el término concedido ha transcurrido y el licenciado Rodríguez Bigas no ha comparecido, ni ha solicitado prórroga para comparecer, ni al Colegio de Abogados, ni ante nos, en incumplimiento con nuestra Resolución del 29 de marzo de 2007.

Hemos expresado reiteradamente que los abogados tienen la obligación de responder con diligencia a las órdenes de este Tribunal, así como a los requerimientos del Colegio de Abogados con respecto a las quejas que se presentan en su contra. In re: Guede Mijares, 159 D.P.R. 396 (2003), In re: Pérez Brasa, 155 D.P.R. 813 (2002). El incumplimiento por parte de un abogado con nuestras órdenes o los requerimientos

del Colegio de Abogados conlleva la imposición de severas sanciones disciplinarias. In re: García Enchautegui, 2005 TSPR 62, 164 D.P.R. ___; In re: Torres Torregrosa, 2004 TSPR 9, 161 D.P.R. ___.

Desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este tribunal". In re: Ríos Acosta, 143 D.P.R. 128, 135 (1997). El Canon 12 del Código de Ética Profesional exige "desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones" en la tramitación de las causas. 4 L.P.R.A. Ap. IX C. 12. Este deber profesional "se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro". In re: Ríos Acosta, supra, pág. 135.

Asimismo, constituye una violación al Canon 9 del Código de Ética Profesional incumplir las órdenes y requerimientos de este Tribunal. El Canon 9 establece el deber de todo abogado de observar hacia los tribunales una conducta que se caracterice por el mayor respeto. 4 L.P.R.A. Ap. IX, C. 9. Ello incluye al estricto cumplimiento con las órdenes y resoluciones de este Tribunal relacionadas a nuestra jurisdicción disciplinaria. In re: Moreno Franco, 2006 TSPR 10, 166 D.P.R. ___, In re: Salichs Martínez, 131 D.P.R. 481 (1992).

De la misma forma, hemos expresado que todo abogado tiene la ineludible obligación de responder prontamente a

nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re: Colón Rivera, 2007 TSPR 59, 170 D.P.R. ___; In re: Negrón Negrón, 2005 TSPR 5, 163 D.P.R. ___.

En el caso de autos el licenciado Rodríguez Bigas ha desatendido los múltiples requerimientos del Colegio de Abogados relacionados con la queja presentada en su contra. Además ha hecho caso omiso a nuestra Resolución de 29 de marzo de 2007. Con tal proceder el licenciado Rodríguez Bigas ha ignorado las obligaciones que tiene como miembro de la profesión jurídica. El incumplimiento del licenciado Rodríguez Bigas demuestra indiferencia y menosprecio a nuestra autoridad disciplinaria. Resulta evidente que no tiene gran interés en continuar siendo miembro de la profesión.

Por los fundamentos antes expresados ordenamos la separación inmediata e indefinida del ejercicio de la abogacía del Lcdo. Luis Rodríguez Bigas, a partir de la notificación de la presente Opinión *Per Curiam*.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de Rodríguez Bigas y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis Rodríguez Bigas          AB-2007-33     Queja


SENTENCIA


San Juan, Puerto Rico, a 25 de octubre de 2007.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la separación inmediata e indefinida del ejercicio de la abogacía del Lcdo. Luis Rodríguez Bigas.

Se le impone al abogado querellado el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajo no realizado e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia.

El Alguacil de este Tribunal deberá incautar la obra y sello notarial de Rodríguez Bigas y entregarlos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Así lo pronuncia y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López y la Jueza Asociada señora Rodríguez Rodríguez no intervinieron.


                              Aida Ileana Oquendo Graulau
                              Secretaria del Tribunal Supremo