EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In Re:<br><br>Rosendo De Jesús Ortiz | 2008 TSPR 142<br><br>175 DPR \_\_\_\_ |

Número del Caso: TS-14831


Fecha: 11 de julio de 2008


Abogado de la Parte Peticionaria:

                    Por Derecho Propio


Colegio de Abogados de Puerto Rico:

                    Lcdo. José M. Montalvo Trías
                    Director Ejecutivo



Materia: Conducta Profesional
         (La suspensión será efectiva el 20 de agosto de 2008 fecha
         en que se le notificó al abogado de su suspensión
         inmediata.)




Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In Re:

Rosendo De Jesús Ortiz                    TS-14831

PER CURIAM

San Juan, Puerto Rico, a 11 de julio de 2008.

El licenciado Rosendo De Jesús Ortiz fue admitido al ejercicio de la abogacía el 26 de enero de 2004 y al ejercicio de la notaría el 20 de agosto de ese año.

Mediante Resolución emitida el 11 de agosto de 2006, le concedimos un término de veinte días a De Jesús Ortiz para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía, dada su falta de pago de la cuota del Colegio de Abogados de Puerto Rico correspondiente al año 2006. Además, le apercibimos que el incumplimiento con los términos de la Resolución conllevaría la suspensión automática del ejercicio de la abogacía.

De Jesús Ortiz compareció y nos informó que se encontraba acogido a la Ley de Quiebras, razón por la cual no había podido satisfacer la cuota de colegiación. En vista de lo anterior, mediante Resolución de 20 de octubre de 2006, accedimos a concederle un término de noventa días para cumplir con el pago de la mencionada cuota. Sin embargo, ante el incumplimiento de De Jesús Ortiz con dicha orden, el 14 de febrero de 2007 le concedimos un término de veinte días para que cumpliera con la Resolución de 11 de agosto de 2006.[1]

Posteriormente, el Colegio de Abogados nos indicó que De Jesús Ortiz había realizado un pago parcial de su deuda por concepto de cuota de colegiación, quedando pendiente parte de la misma. Por su parte, De Jesús Ortiz reiteró que su situación económica le impedía cumplir con su obligación de pagar la referida cuota, por lo que nos solicitó una prórroga adicional para satisfacerla. Ante tales circunstancias, una vez más accedimos a concederle a De Jesús Ortiz un término adicional de treinta días para cumplir con la Resolución emitida el 11 de agosto de 2006.

No obstante lo anterior, dado que el plazo concedido transcurrió sin que De Jesús Ortiz cumpliera con lo requerido, mediante Resolución de 4 de abril de 2008 le concedimos a dicho abogado un término final de veinte días para que se expresara sobre lo ordenado en nuestra Resolución de 11 de

---

[1] Cabe señalar que el Colegio de Abogados compareció y nos informó que De Jesús Ortiz tampoco había satisfecho el pago de la fianza notarial. Sin embargo, el Colegio desistió de dicha queja, tras informarnos que De Jesús Ortiz cumplió con el pago de la referida fianza.

agosto de 2006. Dicha orden incluyó un apercibimiento a De Jesús Ortiz a los efectos de que su incumplimiento con la misma conllevaría su suspensión automática del ejercicio de la abogacía. Cabe destacar que la referida Resolución fue notificada personalmente a De Jesús Ortiz a través de la Oficina del Alguacil de este Tribunal. Sin embargo, al día de hoy, De Jesús Ortiz no ha comparecido.

De todo lo anterior se colige que, a pesar de las prórrogas concedidas y de nuestros apercibimientos, De Jesús Ortiz continúa demostrando su reiterado incumplimiento con las órdenes de este Foro, con una actitud de dejadez e indiferencia.

Es norma reiterada por este Tribunal que el incumplimiento con la obligación de satisfacer las cuotas anuales de colegiación ante el Colegio de Abogados demuestra una total indiferencia hacia los deberes mínimos que conlleva ejercer la abogacía y acarrea, por tanto, la suspensión inmediata e indefinida del ejercicio de la profesión. In re García Valles, res. 7 de noviembre de 2007, 2007 TSPR 196; In re Osorio Díaz, 146 D.P.R. 39 (1998); In re Reyes, Rovira, 139 D.P.R. 42 (1995).

Asimismo, hemos resuelto que todo abogado tiene la obligación de responder diligentemente a los requerimientos de este Tribunal, sobre todo cuando se trata de procedimientos disciplinarios seguidos en su contra. Por ello, la falta de diligencia para dar cumplimiento a lo ordenado por este Foro y la indiferencia demostrada ante nuestros apercibimientos son

motivo suficiente para suspender a un abogado del ejercicio de la abogacía. In re García Valles, *supra*; In re Rivera Torres, res. 11 de octubre de 2007, 2007 TSPR 186; In re Laborde Freyre I, 154 D.P.R. 112 (2001); In re Osorio Díaz, *supra*; In re Reyes, Rovira, *supra*.

Evidentemente, De Jesús Ortiz aparenta desconocer totalmente la normativa antes expuesta. Su renuencia injustificada a satisfacer el pago de la cuota de colegiación y su repetido incumplimiento e indiferencia ante las órdenes de este Tribunal ciertamente ameritan la imposición de sanciones disciplinarias severas en su contra. En vista de lo anterior, procede que suspendamos inmediata e indefinidamente a De Jesús Ortiz del ejercicio de la abogacía, hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos del País. Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión Per Curiam y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido, debiendo entregarlos a la Oficina de Inspección de Notarías

para la correspondiente investigación e informe a este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re

Rosendo De Jesús Ortiz                    TS-14831

SENTENCIA

San Juan, Puerto Rico, a 11 de julio de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende inmediata e indefinidamente a Rosendo De Jesús Ortiz del ejercicio de la abogacía, hasta que otra cosa disponga este Tribunal.

Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Además, deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Finalmente, el Alguacil de este Tribunal deberá incautarse de la obra y sello notarial del abogado suspendido debiendo entregar los mismos a la Directora de la Oficina de Inspección de Notarías para la correspondiente investigación e informe a este Tribunal.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


                                   Aida Ileana Oquendo Graulau
                                   Secretaria del Tribunal Supremo