EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: Rebecca Santiago Méndez | 2008 TSPR 180 175 DPR ＿＿＿ |

Número del Caso: AB-2007-22

Fecha: 11 de septiembre de 2008

Abogado de la Parte Querellada:

Por Derecho Propio

Materia: Conducta Profesional
(La suspensión será efectiva el 7 de octubre de 2008 fecha en que se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rebecca Santiago Méndez             AB-2007-22       Queja

Sala de Verano integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rivera Pérez y la Juez Asociada señora Fiol Matta

PER CURIAM

San Juan, Puerto Rico, a 11 de septiembre de 2008.

El 20 de febrero de 2007, la Secretaria de este Tribunal cursó comunicación a la Lcda. Rebecca Santiago Méndez, con relación a una queja presentada en su contra. Según se desprende de autos, la misma fue devuelta por el correo por la siguiente razón: "UNCLAIMED". Mediante segunda notificación de 19 de abril de 2007, se le concedió un término adicional de diez (10) días para contestarla. A solicitud suya, se le concedió una prórroga de treinta (30) días.

No obstante lo anterior, dado que el plazo concedido transcurrió sin que la licenciada Santiago Méndez cumpliera con lo requerido, el pasado 5

de noviembre de 2007 emitimos una Resolución mediante la cual le concedimos un término de diez (10) días a la licenciada Santiago Méndez, a partir de su notificación, para que compareciera y contestara la querella presentada en su contra. Se le apercibió, además, que su incumplimiento con dicha Resolución podría conllevar sanciones disciplinarias severas, incluyendo la suspensión al ejercicio de la profesión.

Al día de hoy la licenciada Santiago Méndez todavía no ha comparecido ante este Tribunal. Por ende, decretamos su suspensión inmediata e indefinida del ejercicio de la abogacía.

## I.

Reiteradamente hemos resuelto que todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, en particular cuando están relacionados con procedimientos sobre su conducta profesional. En vista de ello, hemos señalado que procede la suspensión automática del ejercicio de la abogacía cuando un abogado no atiende con premura nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. In re De Jesús Ortiz, res. 11 de julio de 2008, 2008 TSPR 142; In re Lloréns Sar, res. 5 de febrero de 2007, 2007 TSPR 31; In re Díaz Rodríguez, res. 30 de noviembre de 2005, 2005 TSPR 191; In re Vega Lassalle, res. 20 de abril de 2005, 2005 TSPR 66.

Es decir, todo abogado tiene la ineludible obligación de responder de manera diligente a nuestros requerimientos, independientemente de los méritos de la queja presentada en su contra. In re Rodríguez Bigas, res. 25 de octubre de 2007, 2007 TSPR 202. Asimismo, hemos afirmado en múltiples ocasiones que desatender las comunicaciones relacionadas a procedimientos disciplinarios "tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por el Tribunal." In re Ríos Acosta, 143 D.P.R. 128, 135 (1997); In re Rodríguez Bigas, supra. Sin embargo, constantemente nos enfrentamos a cantidad de letrados que hacen caso omiso a nuestras órdenes y apercibimientos. Al parecer, olvidan que su "actitud de indiferencia y menosprecio a la autoridad del Tribunal Supremo merecen su suspensión indefinida". In re Pagán Ayala, 130 D.P.R. 678, 683 (1992).

## II.

En esta ocasión, nos enfrentamos al caso de una abogada que no ha atendido los requerimientos de este Tribunal en torno a la evaluación de su conducta profesional. Su incomparecencia ha tenido el resultado de impedir que cumplamos con nuestra encomienda de investigar los méritos de la queja presentada en su contra.

Sin lugar a dudas, de todo lo anterior surge claramente que la licenciada Santiago Méndez ha desatendido sus obligaciones como abogada. Ello es indicativo de que ya no desea continuar en el ejercicio de la profesión legal.

En vista de que no es la primera vez que tenemos que ejercer nuestra facultad disciplinaria en cuanto a la licenciada Santiago Méndez respecta,[1] procede que decretemos su suspensión inmediata e indefinida del ejercicio de la abogacía.

### III.

Por las razones antes expresadas, suspendemos a la Lcda. Rebecca Santiago Méndez inmediata e indefinidamente del ejercicio de la abogacía. Su conducta constituye un claro menosprecio a la labor de los tribunales de justicia y, en particular, a la función disciplinaria de este Tribunal.

La licenciada Santiago Méndez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado. El Alguacil de

---

[1] Anteriormente, la licenciada Santiago Méndez fue suspendida de la abogacía mediante Opinión *Per Curiam* y Sentencia del 27 de diciembre de 1991. Posteriormente fue suspendida de la notaría mediante Opinión *Per Curiam* del 19 de mayo de 1995, y fue suspendida de la abogacía nuevamente mediante Opinión *Per Curiam* del 14 de junio de 1996. Véanse In re Santiago Méndez, 129 D.P.R. 696 (1991); In re Santiago Méndez, 138 D.P.R. 531 (1995); In re Santiago Méndez, 141 D.P.R. 45 (1996).

este Tribunal se incautará inmediatamente de la obra y sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Rebecca Santiago Méndez        AB-2007-22     Queja

Sala de Verano integrada por el Juez Presidente señor Hernández Denton, el Juez Asociado señor Rivera Pérez y la Juez Asociada señora Fiol Matta

SENTENCIA

San Juan, Puerto Rico, a 11 de septiembre de 2008.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende a la Lcda. Rebecca Santiago Méndez inmediata e indefinidamente del ejercicio de la abogacía. Su conducta constituye un claro menosprecio a la labor de los tribunales de justicia y, en particular, a la función disciplinaria de este Tribunal.

La licenciada Santiago Méndez notificará a sus clientes que por motivo de la suspensión no puede continuar con su representación legal, y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o foro administrativo en donde tenga algún caso pendiente.

Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta días, que cumplió con lo antes señalado.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial de la abogada de epígrafe para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo